```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

MARIA VEGA,

                Plaintiff,

vs.                              Case No.   2:13-cv-51-FtM-29DNF

KATHLEEN FITZ, Public Defender, GEORGE, BRUCE KYLE, Judge Circuit Court, FRANCINE DONNORROMO HATFIELD, State Attorney,

                Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined in Homestead Corrections Institution, initiated this action by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 ("Complaint," Doc. #1). The Complaint names the following individuals as Defendants: Public Defender Kathleen Fitzgeorge; Circuit Judge Bruce Kyle; and, Assistant State Attorney Francine Donnorromo Hatfield. Complaint at 2-3.[1]

The Complaint alleges violations of Plaintiff's Fourteenth Amendment rights in connection with Plaintiff's underlying State criminal action. Complaint at 8-9. In particular, Plaintiff avers that she is being falsely imprisoned because she suffers from a

---

[1]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

mental illness or disease and was forced to plead guilty under duress. Plaintiff also alleges that she was subjected to entrapment and her trial counsel was ineffective in failing to call certain witnesses. Id. As relief, Plaintiff seeks a new trial and monetary damages. Id. at 10.

Because Plaintiff is currently confined in jail, the Prison Litigation Reform Act requires that the Court review the Complaint to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319,

325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff's claim is fatally flawed.  First, Defendant

-3-

Kathleen Fitzgeorge is not considered a "person" "acting under of color of state law" for the purposes of the § 1983. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).

Next, while "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. Here, the Complaint fails to state a claim against Circuit Court Judge Kyle because he is entitled to absolute immunity for actions taken in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Similarly, Plaintiff's claims against Defendant Hatfield, the Assistant State Attorney, are barred. "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).

Consequently, in viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against any of the named Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint under § 1983.  See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001).  Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

To the extent that Plaintiff is challenging the fact and/or duration of her present confinement due to what she perceives as constitutional deprivations that occurred in connection with her underlying criminal case, then Plaintiff's complaint presents a habeas corpus claim pursuant to 28 U.S.C. § 2254, rather than a civil rights claim under 42 U.S.C. § 1983.  Plaintiff, however, must first exhaust her state court remedies with respect to any habeas claim prior to filing a petition in this Court.

ACCORDINGLY, it is now

**ORDERED:**

1.  Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2.  The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; and (3) close this file.

3.      The **Clerk** shall transmit one copy of the form for use in Section 2254 cases to Plaintiff along with an Affidavit of Indigence Form with this Order for Plaintiff's future use, if appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, on this __28th__ day of January, 2013.

                                                                               _____
                                                                               JOHN E. STEELE
                                                                               United States District Judge

SA: hmk
Copies: All Parties of Record